**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MOUSA ELIAS HANANI, AKA Mousa Hanani,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　Respondent. | No.　16-70804<br><br>Agency No. A041-528-041<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:　SILVERMAN, BEA, and WATFORD, Circuit Judges

　　　Mousa Elias Hanani, a native and citizen of Syria, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen and

reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581-82 (9th Cir. 2016). We grant the petition for review and remand.

Hanani has waived any challenge to the BIA's determination that his motion to reopen and reconsider was untimely. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

The Court has jurisdiction to review the reasoning behind the BIA's denial of sua sponte reopening for legal or constitutional error. *Bonilla*, 840 F.3d at 588. Here the BIA erred when it relied on Hanani's previous sentence to pay $100 in restitution, submit to drug testing, and abstain from drug and alcohol use in determining that his conviction under California Health and Safety Code § 11377(A) remained valid for immigration purposes. The record reflects that the sentencing court subsequently vacated these conditions, and Hanani's sole sentencing condition was enrollment in counseling. Accordingly, we remand so that the BIA may analyze the correct sentence in support of its sua sponte determination. *See Id.* ("If, upon exercise of its jurisdiction, this court concludes that the Board relied on an incorrect legal premise, it should remand to the BIA so it may exercise its authority against the correct legal background." (citation and internal quotation omitted)).

**PETITION FOR REVIEW GRANTED; REMANDED.**

2                                                            16-70804